## Joseph Doherty v. Sylvester Linn.

### Filed April 10, 1901.   No. 11,445.

1. **Joint Action in Replevin:** Claim by Several Title: Nominal Damages. L. and B. began an action jointly in replevin against H., claiming by several title, and obtained possession of the property in controversy. Trial and judgment resulted in favor of both plaintiffs. On error to this court the judgment as to B. was affirmed, and reversed as to L. because of the insufficiency of the evidence to support a judgment in his favor. On a subsequent trial as between L. and the defendant, in replevin, *held*, that such defendant's possessory right as against L., the unsuccessful plaintiff, was nominal only, and that the recovery of damages as against L. was limited to a nominal sum.

2. **Affidavit.** Affidavit in replevin *held* sufficient.

Error from the district court for Douglas county. Tried below before Slabaugh, J.   *Affirmed.*

*John T. Cathers* and *T. J. Mahoney*, for plaintiff in error.

*George A. Day, contra.*

Holcomb, J.

Sylvester Linn and Alexander Barrie began jointly an action in replevin for the recovery of personal property, consisting of three stallions, claiming a special ownership therein by virtue of a chattel mortgage executed in favor of Linn by one Jillson, the alleged owner. Barrie claimed as assignee of a part of the notes secured by the mortgage in favor of Linn. The property was, under the writ of replevin, taken and delivered to the plaintiffs in the action. The defendant, Dorsey B. Houck, as constable, claimed the property by virtue of a writ of attachment levied thereon in an action begun by Joseph Doherty, afterward substituted defendant in place of Houck, against Jillson, the owner, for a bill for feed and care of the animals in controversy. A trial resulted in a verdict and judgment for the plaintiffs, awarding them

the right of possession of the property, and a special interest and ownership therein by virtue of the mortgage executed as aforesaid. By proceeding in error the action was brought to this court for review by the defendant, where it was held that the judgment should be affirmed as to Barrie and reversed as to Linn. *Houck v. Linn*, 48 Nebr., 227, 232. Therein it is said by the author of the opinion: "The theory of the petition was that only a portion of the notes had been so transferred; but the evidence shows that they were all transferred, and when the action was commenced Barrie still retained them, Linn's debt to him not having been paid. Barrie was, therefore, at the commencement of the action, the owner of the mortgage, and the proper plaintiff. He could have sued upon the notes, and they being good as between the original parties, his recovery would have been for their whole amount, and not merely the amount of the debt for which they were pledged. *Barmby v. Wolfe*, 44 Nebr., 77; *Haas v. Bank of Commerce*, 41 Nebr., 754. So he had a right to foreclose the chattel mortgage for the whole debt secured thereby, and had a right both as against the mortgagor and the original mortgagee to the possession of the mortgaged property after condition broken. We think, therefore, no right of possession was established in Linn. The judgment in favor of Barrie is affirmed. That in favor of Linn is reversed and the cause as to him remanded." Upon the case being remanded for further proceedings, Linn undertook to dismiss his action, which was granted by the trial court, and the case was again brought here for review (*Houck v. Linn*, 56 Nebr., 743), and it is there held: "A plaintiff in replevin may not, after obtaining the property under the writ, dismiss the case without defendant's consent. A case can not be dismissed at the instance of a party who may be liable to a judgment therein, against the objection of his adversary, although the recovery might be only for nominal damages. Two persons joined as plaintiffs in an action of replevin and took the property under the writ. They

claimed a concurrent right of possession, but by several titles. One recovered judgment. *Held*, That the other could not thereupon dismiss the case as to himself, without the consent of the defendant." Upon a retrial of the case after being remanded for a second time, upon a stipulation of facts and instructions from the court, the jury found in favor of the defendant in the replevin action as against Linn, one of the plaintiffs, and awarded nominal damages only for the wrongful taking and detention of the property. The defendant again prosecutes error.

It seems to us that all questions in the case have heretofore been decided, and having become the law of the case, the verdict and judgment on the last trial are conformable thereto, and should be affirmed.

On the first hearing in this court on error it was decided that the judgment in favor of the plaintiff Barrie for the possession and right of the property in controversy should be affirmed. This holding is decisive of all the substantial questions in the case. The contention that the defendant as against Linn, the co-plaintiff of Barrie, is entitled to a verdict and judgment for the amount recovered in his attachment proceedings is untenable. It would be a most extraordinary and incongruous state of affairs to hold that a judgment awarding the property to one plaintiff, and finding against the defendant as to his right of possession to and claim of interest in the property replevied, was in conformity with law, and in the same action award the defendant judgment, for all that was claimed by him in and to the same property, as against the other plaintiff. The judgment last rendered against Linn as to his cause of action as between him and the defendant is the one that should have been rendered on the first trial; that is, under the holdings of this court on the first trial, under the pleadings and the evidence the plaintiff Barrie was entitled to the property replevied by him, and had a special ownership therein for the full value of the property, and was entitled to judg-

ment accordingly. As between the plaintiff Linn and the defendant, the defendant was entitled to the possession, the said plaintiff having failed to prove his cause of action, the possessory right of the defendant being nominal only, because of the judgment in favor of Linn's co-plaintiff. The case is somewhat analogous to one where an intervener in a replevin action comes in and establishes his right to the property in controversy. In such a case it will hardly be contended that because the plaintiff failed to maintain his case against the defendant, the defendant would be entitled to recover from the unsuccessful plaintiff the value of the property adjudged to belong to the intervener, on the theory that the judgment in favor of the intervener in no way affected the rights of these two parties to the controversy.

The case at bar is an exception to the rule that where the plaintiff fails to prove his cause of action, the defendant is entitled to a judgment for a return of the property, or its value, or the value of his interest in the event a return can not be had, as is ordinarily the case under such circumstances. The judgment between Linn and the defendant must be with reference to, and as modified, affected or controlled by, the judgment in the same action as between the defendant and Linn's co-plaintiff, Barrie. The right and interest of the defendant in the property in controversy has been, in this same action, adjudicated adversely to him, and, therefore, as against the unsuccessful plaintiff, Linn, he is entitled to nominal damages only, having suffered no substantial loss, because of the superior right and claim of the plaintiff Barrie. Cobbey, Replevin [2d ed.], sec. 951; *Treat v. Staples*, 1 Holmes [U. S. C. C.], 1.

By stipulation, the jury returned as special findings of fact the main facts stipulated by the parties; but we find nothing in these special findings, or the stipulation of facts, that changes or modifies the principles we hold to be applicable to the case at bar, or inconsistent with the general verdict of the jury.

Complaint is also made because of the denial by the trial court of a motion to quash the affidavit of replevin, on the ground that it is insufficient, being a joint affidavit by Barrie and Linn. The ruling of the court was proper. The affidavit was sufficient and so adjudged when the judgment in favor of Barrie was affirmed. Whether the proof as to Linn was sufficient to sustain the allegations in the affidavit and petition in replevin, presents another question.

The judgment of the district court is

AFFIRMED.